```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                       NORTHERN DIVISION

ZI QIANG ZHANG,                       :

      Petitioner,                     :

vs.                                   :
                                              CIVIL ACTION No. 07-00540-KD-B
                                      :
DAVID O. STREIFF, et al.,
                                      :
      Respondents.
                                      :
```

## REPORT AND RECOMMENDATION

Zi Qiang Zhang, a native of the People's Republic of China, filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his continued detention by the U.S. Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). This matter has been referred to the undersigned for entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c).  Following a careful review of the record, it is recommended that the instant petition be dismissed as moot because Zhang is no longer in ICE custody, having been repatriated to his native country on October 11, 2007.

**I.   FINDINGS OF FACT**

1.   Zhang acknowledges that he is a native and citizen of China, that he entered the United States in order to seek asylum in June 1993, and that an Immigration Judge ordered him removed in absentia

from the United States on February 8, 1994.[1] (Doc. 1, p. 5). According to Zhang's petition, he was taken into ICE custody in February 2006.  Subsequently, on April 28, 2006, Zhang filed a motion to reopen his removal proceedings, which was denied on May 31, 2006. (Id., p. 3-4; Doc. 9, p. 2).  Zhang then filed an appeal of the decision of the Immigration Judge to the Board of Immigration Appeals, which was dismissed on August 22, 2006. (Doc. 1, p. 3).

2.   On September 18, 2006, Zhang filed a Petition for Review of Agency Order and a Motion to Stay Deportation with the Second Circuit Court of Appeals for the Second Circuit. Subsequent thereto, his appeal was withdrawn with prejudice, and the Second Circuit entered, on May 29, 2007, an Order finding that Zhang's Motion to Stay Deportation was moot. (Doc. 9, Ex. 4).  On August 2, 2007, Zhang filed the instant petition for writ of habeas corpus, wherein he argues that he is being unlawfully detained in custody more than 6 months following the Final Order of Removal.[2] (Doc. 1, p. 7).  Zhang does not contest the Final Order of Removal but instead seeks immediate release from custody under an order of supervised release pending deportation. (Id. at 8).

---

[1]According to Respondents, Zhang was convicted of Attempted Assault in the Third Degree. (Doc. 9, p. 2).

[2]Zhang previously filed a petition for habeas relief in this Court, namely CA No. 07-00189-KD-C, which was dismissed without prejudice as premature on July 10, 2007.

3.   In their initial Answer, Respondents argued that Zhang's petition was premature because Zhang filed his petition on August 2, 2007; however, the removal period only began to run on May 29, 2007, which is slightly more than two (2) months of the 90-day removal period set out in 8 U.S.C. § 1231(a)(6) had lapsed. (Doc. 9). Additionally, Respondents asserted that travel documents for Zhang's removal from the United States were successfully secured from the Chinese government on September 10, 2007. (Id.)  On December 11, 2007, Respondents filed a Motion to Dismiss, wherein they advised that Zhang was removed from the United States and repatriated to his native country on October 11, 2007.[3] (Doc. 11).

## II.   CONCLUSIONS OF LAW

1.   "In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. § 2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." He v. Gonzales, 2006 WL 1687796, *1 (W.D. La. 2006).  Where, as here, a § 2241 petitioner has been released from federal custody and repatriated to his native country, thereby garnering the relief sought in filing his habeas corpus petition, the issue becomes whether there is any longer a

---

[3] Respondents indicate that Zhang was deported to China via a Continental Airlines flight on October 11, 2007. (Doc. 11, Ex. 1).

live case or controversy or, instead, if the petition has become moot. See id.

2.  The Eleventh Circuit has observed that "Article III of the Constitution limits the jurisdiction of the federal courts to the consideration of 'Cases' and 'Controversies.'"  Soliman v. United States ex rel. INS, 296 F.3d 1237, 1242 (11th Cir. 2002) (citation omitted); See also Al Najjar v. Ashcroft, 273 F.3d 1330, 1335 (11th Cir. 2001) (same).  Moreover, "[t]he doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" Soliman, 296 F.3d at 1242.  Put another way, "a case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief."  Therefore, "[i]f events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed."  In fact, "dismissal is required because mootness is jurisdictional." Id. (internal citations omitted).

3.  Several district courts have determined that once an alien § 2241 petitioner has been removed from the United States and deported to his native country, his petition seeking release from detention and ICE custody becomes moot as "there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1." Gauchier v. Davis, 2002 WL 975434, *2 (E.D. La. 2002); see Camara

v. INS, 2007 U.S. Dist. LEXIS 2465 (S.D. Ala.); Xing Hai Liu v. Ashcroft, 218 F.Supp.2d 1 (D. Me. 2002) (petition for writ of habeas corpus dismissed as moot because petitioner had been returned to China); Malainak v. Immigration & Naturalization Service, 2002 WL 220061 (N.D. Tex. 2002)(§ 2241 petition dismissed as moot because petitioner was removed to his native country of Thailand).

4.   Much like the above-styled cases, this case has become moot. This Court can no longer grant Petitioner the relief requested in his petition, namely his immediate release from ICE's custody pending his removal to China, because that relief has already been afforded him. (See Doc. 11).  Because there is nothing to remedy even if this Court were disposed to do so, Zhang's petition for habeas corpus relief is now moot and should thus be dismissed without prejudice. Soliman, supra, 296 F.3d at 1243, quoting Spencer v. Kemna, 523 U.S. 1, 18, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

**III. CONCLUSION**

The undersigned Magistrate Judge recommends that Zhang's petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241 be **DISMISSED** as moot.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **9th** day of **May, 2008**.

                                          **/s/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.   **<u>Objection</u>**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)( c); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **<u>Transcript (applicable where proceedings tape recorded)</u>**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

            **/s/ SONJA F. BIVINS**
            **UNITED STATES MAGISTRATE JUDGE**